UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 06-CR-09-KKC-4

JAMES DANIEL STOLLINGS                                    PETITIONER/DEFENDANT

v.                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                    RESPONDENT/PLAINTIFF

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court for consideration of Petitioner's "Motion to Vacate Sentence" pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence in Pikeville Criminal Action No. 06-09-KKC. [Rec. 204]. Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation on February 9, 2010. [Rec. 222]. Based on his review of the record and the applicable law governing the Petitioner's motion pursuant to 28 U.S.C. § 2255, the Magistrate Judge recommended that the motion be denied. Neither the Petitioner nor the Respondent have filed objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge noted that Petitioner was convicted on December 13, 2006 of Bank Fraud in violation of 18 U.S.C. § 1344 and subsequently sentenced to forty-one months of imprisonment. [Rec. 1, 103, 151]. His conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on March 18, 2008. [Rec. 200]. Petitioner then filed the instant motion to vacate under 28 U.S.C. § 2255 alleging that: (1) his trial counsel was constitutionally ineffective for failing to obtain discovery materials, and (2) his trial counsel's error violated his

right to a fair trial because he was unable to effectively prepare a defense. [Rec. 204 at 8-10]. The United States responded to the motion by arguing that Petitioner failed to demonstrate either ineffective assistance of counsel or a violation of his due process rights. [Rec. 208].

In reviewing Petitioner's claims, the Magistrate Judge found them to be without merit for two reasons. First, he found that Petitioner failed to specify the nature of the discovery materials that his counsel failed to obtain, only indicating that they were banking records. The Magistrate Judge determined that without knowing the nature of these materials, the Court had no basis for finding that the performance of Petitioner's trial counsel fell below an objective standard of reasonableness or that there was a reasonable probability that but for these alleged errors, the outcome of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In addition, the Magistrate Judge considered the unchallenged affidavit of Petitioner's trial counsel indicating that the discovery materials at issue did not pertain to Petitioner. [Rec. 208, Attach. 1, Affidavit of Thomas Goodman Jr.]. As a result, the Magistrate Judge determined that Petitioner's "vague and conclusory allegations are insufficient to defeat" the strong presumption that counsel's performance was reasonable.

Second, the Magistrate Judge found no merit that Petitioner's trial counsel's alleged errors violate his due process right to a fair trial. Because the Magistrate Judge found no basis for the ineffective assistance of counsel claim, he determined that Petitioner "is unable to establish that the preparation of his defense was in any way hindered" by the absence of the discovery materials that did not pertain to him.

While this Court is required to make *de novo* determinations of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "it

2

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). In addition, parties failing to file objections to a Magistrate Judge's proposed findings of fact and recommendation waiver their right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

In this case, the Court has reviewed the Magistrate Judge's Report and Recommendation and the record and agrees with his factual findings and legal conclusions. For the reasons set forth in the Magistrate Judge's Report and Recommendation, the Court finds that the Petitioner is not entitled to habeas relief. Accordingly, it is hereby **ORDERED** as follows:

(1) The statement of facts and legal conclusions contained in the United States Magistrate Judge's Report and Recommendation [Rec. 222] are **ADOPTED** and **INCORPORATED** herein by reference;

(2) The Petitioner's "Motion to Vacate under 28 U.S.C. § 2255" [Rec. 204] is **DENIED.** The Petitioner's habeas action shall be **DISMISSED** with prejudice;

(3) A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of any substantive constitutional right;

(4) Judgment will be entered contemporaneously with this opinion and order in favor of the Respondent/Plaintiff United States of America.

This the 15th day of March, 2010.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**